THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* ERNEST ANTHONY, Appellant.

County Court, Madison County, November 16, 1928.

*Snyder, Cristman & Snyder*, for the appellant.

*William L. Burke, District Attorney*, for the respondent.

CAMPBELL, J.   This is an appeal from a judgment of conviction rendered July 5, 1928, in a Court of Special Sessions held by Clarence E. Conley, justice of the peace of the town of Lenox, Madison county, N. Y., for which defendant was fined ten dollars.   The information charges the crime as follows: " Violating Article 11, Section 282, paragraph 2, of the Highway Law of the State of New York, by wrongfully, unlawfully and knowingly driving a motor vehicle for hire without a chauffeur's license."   (See Return of the Justice of the Peace, Clarence E. Conley; also see copy Justice Docket attached to moving affidavits.)

The defendant was a minor of the age of nineteen years.   It is

the contention of the appellant that the information was not clear and sufficient and did not give the essential facts to charge a crime. To my mind, this is a very close question as the information is susceptible of various interpretations.

It is contended by the defendant, appellant, and conceded by the district attorney, that no crime was committed. To my mind, regardless of the first question, the latter is fatal and of fatal effect.

The defendant was employed by the New York Power and Light Corporation to read meters and was driving the car of said corporation for such purpose. He possessed an operator's license and his employer's automobile was duly licensed.

Section 282, subdivision 2, of the Highway Law, previous to March 21, 1928 (Laws of 1924, chap. 360), provided as follows: " No person shall operate or drive a motor vehicle on a public highway of this state unless such person is a duly licensed chauffeur or operator whether the owner of such vehicle or otherwise."

Prior to March 21, 1928 (Laws of 1924, chap. 360), the term " chauffeur " was defined by section 281 of the Highway Law as follows: " The term ' chauffeur ' shall mean any person operating or driving a motor vehicle, as an employee or for hire. The term ' operator ' shall mean any person, other than a chauffeur," etc.

Pursuant to amendment of March 21, 1928 (Laws of 1928, chap. 468), the law now reads: " The term ' chauffeur ' shall mean any person who is employed for the *principal* purpose of operating a motor vehicle or who drives a motor vehicle while in use as a public or common carrier of persons or property."

The amendment of March 21, 1928, is so clear and definite that there is no ground for argument. It clearly states that the term " chauffeur " only applies where the principal purpose is for operating a motor vehicle or driving one while in use as a public or common carrier of persons or property.

I am satisfied that under section 764 of the Code of Criminal Procedure I have the power to reverse the judgment of conviction. This section provides, among other things, that disregarding technical errors the court may render the judgment which the court below should have rendered.

If there ever was a case where a judgment of conviction should be reversed, it is this one, for such a conviction should not be allowed to stand against a minor who, concededly, has committed no crime.

Therefore, the judgment of conviction of the Court of Special Sessions is reversed on the law and the facts.